UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC POLAKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:16-cv-2239 |
| | ) |
| HERC HOLDINGS INC. d/b/a HERC RENTALS INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff Eric Polakoff ("Polakoff") brings this action against Defendant Herc Holdings Inc. d/b/a Herc Rentals Inc. ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

## PARTIES

2. Polakoff is an individual who resides in Indianapolis, Indiana.

3. Defendant is a for-profit foreign corporation with a principal place of business located in Naples, Florida.

## JURISDICTION

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

## VENUE

5. Venue is proper in the Southern District of Indiana pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391.

## COVERAGE

6. At all times relevant to this action, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. Polakoff was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint.

8. At all times relevant to this action, Polakoff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. At all times relevant to this action, Defendant acted, directly or indirectly, in the interest of an employer with respect to Polakoff.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times relevant to this action, Polakoff was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

12. At all times relevant to this action, Defendant was an "employer" as that term is defined by 29 U.S.C. § 2611(4).

**FACTS**

13.    Polakoff began his employment with Defendant in January 2013.

14.    At all times relevant to this action, Polakoff held an outside sales position and worked out of Defendant's Indianapolis, Indiana location.

15.    At all times relevant to this action, Polakoff regularly worked between 45 and 50 hours per week.

16.    At all times relevant to this action, Defendant paid Polakoff an annual salary plus commissions.

17.    At all times relevant to this action, Defendant did not accurately track and record the actual number of hours worked by Polakoff.

18.    At all times relevant to this action, Polakoff did not perform work that would qualify him as exempt from the overtime provisions of the FLSA.

19.    At all times relevant to this action, Polakoff was not paid overtime wages at the rate required by the FLSA for hours worked in excess of forty (40) in a single workweek.

20.    In February 2015, Polakoff took an FMLA-qualifying leave due to the birth of quintuplets.

21.    Polakoff subsequently utilized the FMLA on an intermittent basis for absences related to the care of his children.

22.    In or about January 2016, the sales territory for which Polakoff was responsible was substantially reduced by Defendant while Polakoff was on FMLA leave.  Additionally, Defendant stripped Polakoff of ongoing sales projects due to a "lack of 24/7 availability."

23.    In February 2016, Polakoff submitted FMLA certification paperwork in an effort to renew his intermittent FMLA leave.  Defendant never responded to Polakoff's FMLA renewal

request.

24. In March 2016, Polakoff was informed he was not meeting his sales numbers.

25. In May 2016, Polakoff received a formal written warning for not meeting his sales numbers.

26. In June 2016, Polakoff received a final warning for not meeting his sales numbers.

27. On July 25, 2016, Polakoff was scheduled to begin an FMLA-qualifying leave. However, before his leave could commence, Polakoff was informed his employment was being terminated because his sales numbers did not meet expectations.

## CAUSE OF ACTION

### COUNT I – VIOLATIONS OF THE FLSA

28. Polakoff hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29. During the relevant time period, Defendant violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 206, 207, and 215(a)(2), by employing Polakoff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid and for workweeks longer than forty hours without compensating Polakoff for his employment in excess of forty hours per week at the rate required by the FLSA.

30. Defendant has acted willfully in failing to pay Polakoff in accordance with the law.

### COUNT II - VIOLATIONS OF THE FMLA

31. Polakoff hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

32. Defendant interfered with Polakoff's attainment of rights in violation of the FMLA.

33. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Polakoff's rights as protected by the FMLA.

34. Polakoff has suffered damages as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eric Polakoff respectfully requests that this Court enter judgment in his favor and provide him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Polakoff and for and equal amount in liquidated damages;

b. An order reinstating Polakoff to the position he held prior to the termination of his employment or to a comparable position with full seniority, benefits, and wages, or an order requiring Defendant to pay to Polakoff front pay in lieu thereof;

c. An order requiring Defendant to pay to Polakoff any and all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions and for an equal amount in liquidated damages;

d. An order requiring Defendant to pay to Polakoff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

e. An order requiring Defendant to pay to Polakoff pre- and post-judgment interest on all sums recoverable;

f. An injunction prohibiting Defendant from engaging in future violations of the FMLA; and

g. An order requiring Defendant to provide Polakoff with all other legal and/or

equitable relief to which he is entitled.

                                                Respectfully submitted,

                                                s/ Andrew G. Jones
                                                Andrew G. Jones (#23020-49)
                                                LAW OFFICE OF ANDREW G. JONES
                                                9465 Counselors Row, Suite 200
                                                Indianapolis, Indiana 46240
                                                Telephone:    (317) 616-3671
                                                E-Mail:        ajones@andrewgjoneslaw.com

                                                Attorney for Plaintiff